**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GABRIEL'\ ARREOLA,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **Case No. 5:24-cv-00155-JKP** |
| | § | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | § | |
| | § | |
| | § | |
| **Defendant** | § | |

**DEFENDANT'S ORIGINAL ANSWER**

Defendant Midland Credit Management, Inc. hereby answers Plaintiff's Complaint as follows:

**INTRODUCTION**

1. This is a civil action for actual, punitive, statutory damages and cost brought by Gabriela Arreola hereinafter, ("Plaintiff') an individual consumer, against defendants, MIDLAND CREDIT MANAGEMENT, INC. hereinafter ("Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA").

**ANSWER: Defendant admits that Paragraph 1 is descriptive of Plaintiff's claims. Defendant denies that it violated the FCRA and further denies that Plaintiff is entitled to any recovery in this case.**

**BASIS OF JURISDICTION**

2. Jurisdiction of this court arises under 15 U.S.C §1681(p), and 28 U.S.C § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C § 1391 (b)(1) and 28 U.S.C § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim

occurred in this judicial district. Defendants transact business in, San Diego, California.

**ANSWER: Defendant admits that it transacts business in San Diego, CA. With regard to the remainder of Paragraph 2, at this time defendant lacks knowledge or information sufficient to form a belief as t the matters asserted.**

3. The court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C § 1367.

**ANSWER: Denied, as there are no state law claims.**

4. Plaintiff, Gabriela Arreola, is a natural person and consumer as defined by 15 U.S.C. §1681a(c), residing SEGUIN, TX.

**ANSWER: Admitted.**

5. Upon information and belief, MIDLAND CREDIT MANAGEMENT, INC. ls a Kansas corporation. MIDLAND CREDIT MANAGEMENT, INC. accepts services of process through its registered agent CORPORATION SERVICES COMPANY, 84 STATE STREET, BOSTON, MA 02109.

**ANSWER: Defendant admits that it is a Kansas corporation. The remainder of Paragraph 5 is denied.**

6. The acts of defendants as described in this complaint were performed by Defendants or on Defendant's behalf by its owner's, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendants" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

**ANSWER: Denied.**

## FACTUAL ALLEGATIONS

### Existence of a Consumer Report

7. On or about 01/10/2024, a consumer report pertaining to Plaintiff was generated and

maintained by Trans Union. A consumer reporting agency as defined by 15 U.S.C. §1681a(f).

**ANSWER: At this time Defendant lacks knowledge or information sufficient to form a belief as to the matters asserted in Paragraph 7.**

**Defendant's Access to the Consumer Report**

8. In the report the Plaintiff observed an unauthorized inquiry from Defendant.

**ANSWER: Defendant denies that its access to Plaintiff's consumer report was unauthorized. 15 U.S.C. § 1681b expressly provides a permissible purpose to obtain a consumer report At this time Defendant lacks knowledge or information sufficient to form a belief as to the matters asserted in Paragraph 8.**

9. Defendant MIDLAND CREDIT MANAGEMENT, INC. accessed Plaintiff's consumer report from Trans Union on 03/12/2022, 05/27/2022, 08/26/2022, and 11/03/2022. See Exhibit A.

**ANSWER: ADMITTED.**

**Lack of Permissible Statutory Purpose**

10. Defendant MIDLAND CREDIT MANAGEMENT, INC. accessed Plaintiff's consumer report without permissible purpose, as required by 15 U.S.C. §1681b(f).

**ANSWER: Denied.**

11. Discovery will show plaintiff had no existing business relationship, contractual obligation, or any other transaction with Defendant MIDLAND CREDIT MANAGEMENT, INC. that would allow for such an inquiry under 15 U.S.C § 1681(a)(3)(A) or any other provision.

**ANSWER: Denied.**

12. Discovery will show that defendant MIDLAND CREDIT MANAGEMENT, INC. was neither retained by a creditor with whom Plaintiff had initiated a transaction nor involved in any

collection activities pertaining to a debt initiated by Plaintiff, thus failing to establish a permissible purpose for accessing Plaintiffs consumer report.

**ANSWER: Denied.**

13. Upon accessing Plaintiff's consumer report, Defendant MIDLAND CREDIT MANAGEMENT, INC. did not take any follow-up actions, such as sending a collections notice, thereby indicating a lack of permissible purpose for the inquiry.

**ANSWER: Denied.**

14. Discovery will show Plaintiff never initiated a consumer credit transaction with Defendants nor had an account with the defendants.

**ANSWER: Defendant admits that Plaintiff never initiated a consumer credit transaction with it. The remainder of Paragraph 14 is denied.**

15. Discovery will show Plaintiff never gave any consent to Defendants to access his consumer report.

**ANSWER: Admitted.**

**REQUISITE MENTAL STATE(Willfulness)**

16. Defendant MIDLAND CREDIT MANAGEMENT, INC. was aware or should have been aware of either obligations under FCRA to access consumer reports only for permissible purposes.

**ANSWER: Defendant admits that it was aware of the permissible purposes specified in the FCRA to obtain or use a consumer report. The remainder of Paragraph 16 is denied.**

17. Discovery will show despite this knowledge, Defendant MIDLAND CREDIT MANAGEMENT, INC. intentionally or recklessly disregarded their obligations under the FCRA

and did not verify a purported debt or take other actions that would constitute a permissible purpose for accessing Plaintiffs consumer report.

**ANSWER: Denied.**

18. Discovery will show Defendant MIDLAND CREDIT MANAGEMENT, INC.'s violation was not isolated but part of a pattern or practice. As evidence by multiple consumer complaints lodged against the company for similar unauthorized access to consumer reports further demonstrating willfulness.

**ANSWER: Denied.**

19. Plaintiffs injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his right was directed by Defendants to Plaintiff specifically.

**ANSWER: Denied.**

20. Plaintiffs injury is "particularized" and "actual" in that the Plaintiff has suffered emotional distress from the Defendants unauthorized access of his credit report.

**ANSWER: Denied.**

21. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered an invasion of his privacy. This intrusion into the Plaintiffs personal information has caused a feeling of vulnerability, worry and anxiety which lead to sleeplessness and headaches.

**ANSWER: Denied.**

22. Plaintiffs injury is "particularized" and "actual" in that the Plaintiff has suffered fear and anger over invasion of his privacy.

**ANSWER: Denied.**

23. Plaintiffs injury is "particularized" and "actual" in that the Plaintiff as suffered loss of time into research and learning to defend against the defendant's invasion of privacy.

**ANSWER: Denied.**

24. Plaintiffs injury is directly traceable to defendant's conduct because if it weren't for the defendant's conduct, Plaintiff would not have been deprived of his rights and would not have been subject to the emotional distress, anxiety, worry and invasion of privacy caused by the defendant actions

**ANSWER: Denied.**

25. The deprivation of Plaintiffs rights will be redressed by a favorable decision herein.

**ANSWER: Denied.**

26. A favorable decision herein would redress Plaintiffs injury with money damages.

**ANSWER: Denied.**

27. A favorable decision herein would serve to deter Defendants from further similar conduct.

**ANSWER: Denied.**

**COUNT 1 VIOLATION OF** THE **FAIR CREDIT REPORTING ACT**

**15 U.S.C §1681(f) DEFENDANT MIDLAND CREDIT MANAGEMENT**

28. All preceding paragraphs are re-alleged.

**ANSWER: All preceding responses are realleged as if fully set forth below.**

29. On or about 03/12/2022, 05/27/2022, 08/26/2022, 11/03/2022, a consumer report pertaining to Plaintiff was generated and maintained by a consumer reporting agency as defined by 15 U.S.C.§ 1681a(f).

**ANSWER: At this time Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.**

30. Defendant MIDLAND CREDIT MANAGEMENT, INC. accessed Plaintiff's consumer report on or about 03/12/2022, 05/27/2022, 08/26/2022, and 11/03/2022.

**ANSWER: Admitted.**

31. Defendant MIDLAND CREDIT MANAGEMENT, INC. accessed Plaintiff's consumer report without permissible purpose as required by 15 U.S.C § 1681b(f).

**ANSWER: Denied.**

32. Plaintiff had no existing business relationship, contractual obligation, or any other transaction with defendant MIDLAND CREDIT MANAGEMENT, INC. that would allow for such inquiry under 15 U.S.C. § 1681b(a)(3)(A) or any other provision.

**ANSWER: Denied.**

33. Defendant MIDLAND CREDIT MANAGEMENT, INC. was neither retained by a creditor with whom Plaintiff had initiated a transaction nor involved in any collection activities pertaining to a debt initiated by Plaintiff, thereby failing to establish a permissible purpose for accessing Plaintiff's consumer report.

**ANSWER: Denied.**

34. Defendant MIDLAND CREDIT MANAGEMENT, INC. was aware or should have been aware of their obligations under FCRA to access consumer reports only for permissible purposes.

**ANSWER: Defendant admits that it is aware of its obligations under the FCRA. It denies that it violated the FCRA and denies that it lacked a permissible purpose to obtain Plaintiff's consumer report.**

35. Despite this knowledge, Defendant MIDLAND CREDIT MANAGEMENT, INC. intentionally or recklessly disregarded their obligations under the FCRA and did not verify the purported debt or take other action that would constitute a permissible purpose for accessing Plaintiff's consumer report.

**ANSWER: Denied.**

36. Defendant MIDLAND CREDIT MANAGEMENT, INC. actions were not isolated but part of a pattern or practice, furthermore demonstrating willfulness.

**ANSWER: Denied.**

37. As a direct result of Defendant MIDLAND CREDIT MANAGEMENT, INC. 's violation of 15 U.S.C § 1681b(f), Plaintiff has suffered actual damages. Is entitled to statutory damages, and potentially punitive damages, as provided by 15 U.S.C §§ 1681n(a) and 16810.

**ANSWER: Denied.**

## JURY DEMAND AND PRAYER FOR RELIEF

38. Wherefore, Plaintiff Gabriela Arreola, respectfully demands a jury trial and request that judgment be entered in favor or the Plaintiff against the Defendants for:

**ANSWER: Plaintiff's jury demand requires no response. Defendant denies that Plaintiff is entitled to judgment against it.**

39. Actual damages, statutory damages, and potentially punitive damages, as provided by t5 U.S.C 1681n{a) and 16810.

**ANSWER: Defendant denies that Plaintiff is entitled to any such relief.**

## ADDITIONAL AND AFFIRMATIVE DEFENSES

The fair Credit Reporting act provides, in pertinent part:

> **§ 1681b. Permissible purposes of consumer reports**
>
> (a) In general. Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> (1) In response to the order of a court having jurisdiction to issue such an order, a subpoena issued in connection with proceedings before a Federal grand jury, or a subpoena issued in accordance with section 5318 of title 31, United States Code, or section 3486 of title 18, United States Code.
>
> (2) In accordance with the written instructions of the consumer to whom it relates.

> (3) To a person which it has reason to believe—
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

* * *

15 U.S.C.S. § 1681b.

Defendant was engaged in the collection of a debt owed to Midland funding, LLC. The account was originally issued by Credit One Bank, N.A. as an account in the name of Gabriela Arreola with an account number ending in 7777. Defendant sent multiple collection letters to plaintiff at the same address listed on her complaint. Those letters were not returned as undeliverable. Plaintiff dis not ever respond to any of those letters.

15 U.S.C.S. § 1681b(a)(3)(A) expressly granted Defendant a permissible purpose to obtain a consumer report for review or collection of an account. The statute sets no limit on the number of times a consumer report may be obtained, and it does not require a consumer's consent to obtain a consumer report for any of the enumerated permissible purposes. Thus, Defendant has a complete defense to Plaintiff's suit, which has no basis in fact or law.

**ATTORNEY'S FEES**

15 U.S.C.S. § 1681n provides, in pertinent part:

> (c) Attorney's fees. Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.
> 15 U.S.C.S. § 1681o provides, in pertinent part:

15 U.S.C.S. § 1681o provides, in pertinent part:

> (b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

This suit was filed in bad faith or for purposes of harassment, and Defendant is entitled to recover its reasonable fees and costs incurred in defending this action through trial and any subsequent appeals.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing in this action. Defendant further prays for its fees and costs together with all such other relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**/s/** Manuel H. Newburger

Manuel H. Newburger
TX Bar No. 14946500
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 649-4022
Fax: (512) 279-0310
mnewburger@bn-lawyers.com

ATTORNEY FOR DEFENDANT
MIDLAND CREDIT MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2024, a true copy of the foregoing Answer was served on Plaintiff via email at the address set forth below.

/s/ Manuel H. Newburger

Manuel H. Newburger
TX Bar No. 14946500
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 649-4022
Fax: (512) 279-0310
mnewburger@bn-lawyers.com

ATTORNEY FOR DEFENDANT
MIDLAND CREDIT MANAGEMENT, INC.

**SERVICE LIST:**

Gabriela Arreo!a-
1044 Dumfries Dr
Seguin TX 78155
(818) 524 0965
garreola058@gmail.com
Pro Se