IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GABRIELA ARREOLA, | § § § | |
| *Plaintiff,* | § § § | SA-24-CV-00155-JKP |
| vs. | § § § | |
| MIDLAND CREDIT MANAGEMENT, INC., | § § § § | |
| *Defendant.* | § § § § | |

## ORDER SETTING INITIAL PRETRIAL CONFERENCE

Before the Court is the above-styled and numbered cause of action, which was referred to the undersigned for all non-dispositive pretrial proceedings [#8]. The record reflects that Defendant filed its Original Answer on April 4, 2024. The Court will therefore set this case for its standard initial pretrial conference and direct the parties to confer in accordance with Rule 26. At the conference, the Court will enter a Scheduling Order in this case.

In light of the fact that Plaintiff is representing herself *pro se* in this action, the Court directs her to the following resources to assist her in prosecuting his case:

- The Federal Rules of Civil Procedure, available at: www.uscourts.gov/file/rules-civil-procedure

- This Court's Local Rules, available at https://www.txwd.uscourts.gov/court-information/lcr-civil-rules/

- The "Complete Pro Se Manual" which is available on the Court's website at: https://www.txwd.uscourts.gov/filing-without-an-attorney/pro-se-manual/.

Plaintiff is directed to familiarize herself with these resources. Also, although *pro se* litigants are held to a less stringent standard, they are nevertheless required to follow the rules that govern all

1

litigants in federal court. *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). These rules include but are not limited to the rules and Court orders regarding conference with opposing counsel, following deadlines imposed by the rules and the Court's Scheduling Order, observing the response times for motions as set forth in Local Rule CV-7(e), and keeping the Court updated with a current address to ensure all filings are received. The Court will answer any questions Plaintiff has regarding the prosecution of her case and the Court's procedures at the Initial Pretrial Conference.

**IT IS THEREFORE ORDERED** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure, this case is set for an **Initial Pretrial Conference** at **10:30 a.m. on May 29, 2024**. Counsel for all parties are **required to appear by Zoom** for the conference. The information to join the conference is as follows:

Join ZoomGov Meeting: https://txwd-uscourts.zoomgov.com/j/16126729723

Meeting ID: 161 2672 9723

If there are questions regarding the Zoom appearance, the parties should contact Judge Chestney's Courtroom Deputy at txwdml_chambers_sa_judgechestney@txwd.uscourts.gov.

Because earlier hearings in other cases may be in progress at the time attorneys log-in for their scheduled hearing, attorneys may be required to wait in the Zoom "waiting room" until the Courtroom Deputy addresses them. Parties should review the July 15, 2020 Standing Order Regarding Telephone or Video Teleconference Hearings, which is available upon request from the Courtroom Deputy and on the Court's website.

**IT IS FURTHER ORDERED** that the parties confer in the manner required by Rule 26 of the Federal Rules of Civil Procedure; further, pursuant to Local Rule CV-16 the parties should submit their Joint Discovery/Case Management Plan in a form that substantially conforms with

Appendix N of the Local Rules and that answers the following questions no later than **May 24, 2024**.

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.
2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?
3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?
4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?
5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).
6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?
7. What, if any, discovery disputes exist?
8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?
9. Have the parties discussed mediation?

During their conference, the parties should also address whether a protective order is required, and whether the protective order in Appendix H-1 (to govern standard cases) or Appendix H-2 (to govern complex cases) of this Court's Local Rules is appropriate. The Court will address the substance of the parties' joint report and discovery plan at the Initial Pretrial Conference.

**IT IS FURTHER ORDERED** that the parties submit a **proposed scheduling order** pursuant to Local Rule CV-16(c), no later than **May 24, 2024**. The Court will discuss with the parties any proposed changes to the Court's standard scheduling order based on the unique circumstances of this case at the Initial Pretrial Conference.

The proposed scheduling order shall contain suggestions for the following deadlines:

1. Offer of Settlement: The parties asserting claims for relief must submit a written offer of settlement to opposing parties by _____, and each opposing party must respond in writing by _____.

2. <u>Amend/Supplement Pleadings, Joinder of Parties</u>: Subject to Local Rule CV-15, the parties shall file all motions to amend or supplement pleadings or to join additional parties by _____.

3. <u>Designation of Witnesses, Experts, and Exhibits</u>:  All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and must **SERVE** on all parties but **NOT FILE** the materials required by Fed. R. Civ. P. 26 by _____.  Parties resisting claims for relief must file their designation of potential witnesses, testifying experts, and proposed exhibits, and must **SERVE** on all parties but **NOT FILE** the materials required by Fed. R. Civ. P. 26 by _____.  All designations of rebuttal experts must be designated within ___ **days** of receipt of the report of the opposing expert.

4. <u>Expert Testimony Objection</u>:  An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 must be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, **within ___ days** of receipt of the written report of the expert's proposed testimony, or **within ___ days** of the expert's deposition, if a deposition is taken, whichever is later.

5. <u>Discovery</u>:  The parties must complete discovery by _____.  Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

6. <u>Dispositive Motions</u>:  All dispositive motions shall be filed by _____.  Dispositive motions and responses to dispositive motions are limited to 20 pages in length, and any reply in support of a dispositive motion is limited to 10 pages in length.  *See* Local Rule CV-7.

7. <u>Mediation</u>: The parties must mediate this case on or before _____ , and file a report in accordance with Local Rule CV-88 within one week of the completion of mediation.

8. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

**IT IS SO ORDERED.**

SIGNED this 7th day of May, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE